IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JOHN W. PARKER, JR.                                                                    PLAINTIFF

V.                           CASE NO. 4:21-CV-00951 DPM-JTK

KILOLO KIJAKAZI, ACTING COMMISSIONER OF
SOCIAL SECURITY ADMINSTRATION[1]                                      DEFENDANT

## RECOMMENDED DISPOSITION

I. **Procedures for filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Chief District Judge D. P. Marshall, Jr. Either party may file written objections to this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within fourteen (14) days of this Recommendation. If no objections are filed, Judge Rudofsky can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

II. **Introduction:**

Plaintiff, John W. Parker, Jr. ("Parker"), filed application for disability

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration and is substituted as the Defendant in this action. Fed. R. Civ. P. 25(d).

benefits on July 29, 2019. (Tr. at 10). In the application, he alleged that his disability began on May 30, 2019. *Id*. The application was denied initially and upon reconsideration. After conducting a hearing, an Administrative Law Judge ("ALJ") denied Parker's claim on February 17, 2021. (Tr. at 22). The Appeals Council declined to review the ALJ's decision. (Tr. at 1-4).

The ALJ's decision now stands as the final decision of the Commissioner, and Parker has requested judicial review. For the reasons stated below, the Court should affirm the decision of the Commissioner.

## III. **The Commissioner's Decision:**

The ALJ found that Parker had not engaged in substantial gainful activity since the alleged onset date of May 30, 2019.[2] (Tr. at 12). The ALJ found, at Step Two, that Parker has the following severe impairments: ankylosing spondylitis, cervical and lumbar degenerative disc changes, and degenerative changes of the hips. *Id*.

At Step Three, the ALJ determined that Parker's impairments did not meet or equal a listed impairment. (Tr. at 16-17). Before proceeding to Step Four, the ALJ

---

[2] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

determined that Parker had the residual functional capacity ("RFC") to perform work at the light exertional level, with additional limitations: (1) he can no more than occasionally climb ramps, stairs, rope, and scaffolds; (2) he can no more than occasionally balance, stoop, crouch, kneel, or crawl; and (3) he can no more than occasionally reach overhead bilaterally. (Tr. at 17).

At Step Four, the ALJ found that Parker was unable to perform any past relevant work. (Tr. at 20). Relying upon the testimony of a Vocational Expert ("VE"), the ALJ found that that, based on Parker's age, education, work experience, and RFC, there were jobs in the national economy that he could perform. (Tr. at 21-22). Therefore, the ALJ found that Parker was not disabled. *Id*.

## IV.  Discussion:

A.  Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

"[O]ur review is more than an examination of the record for the

3

existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

B. Parker's Arguments on Appeal

Parker, who appears *pro se* in this matter, argues that the evidence supporting

the ALJ's decision to deny benefits is less than substantial. He makes the argument that the ALJ should have considered his VA disability rating and, in general, asks for Court review.

Parker alleged problems from depression and anxiety. The ALJ found that mental impairments were nonsevere at Step Two. (Tr. at 13-16). There is no record of treatment for mental impairments. (Tr. at 13). Parker did not take psychotropic medications. And Parker said he could perform daily activities like taking care of his child, cooking, cleaning, taking care of pets, preparing meals, and doing laundry. (Tr. at 187-192).[3] For the most part, clinical examinations revealed no psychiatric deficits. (Tr. at 408, 486). A psychiatric examiner found adequate abilities in interacting socially, concentrating, and sustaining persistence to complete tasks. (Tr. at 349-350). Parker has not shown that mental impairments would significantly limit his ability to perform substantial gainful activity.

Parker also alleged back, neck, and hip pain. But Parker said medication improved his symptoms, and he was able to walk for 30 minutes per day. (Tr. at 20, 394-395, 406). There is not a record of aggressive treatment for physical impairments. In 2020, Parker suggested he would be able to return to light duty work.

---

[3] Such daily activities undermine his claims of disability. *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003).

(Tr. at 20). The two reviewing medical experts found Parker capable of light work, as did his own provider, APRN Elizabeth Hebel. (Tr. at 20, 68-82, 250-251). Nurse Hebel also found that Parker had good muscle strength and range of motion in his back. *Id*. The RFC fully incorporated Parker's physical impairments.

While Parker claims that the ALJ should have found him disabled based on a 100% disability rating from the VA (Tr. at 371), the Administration is not bound by the disability ratings of another agency, especially when the record does not justify a disability finding. *Pelkey v. Barnhart, 433 F.3d 575, 580 (8th Cir. 2008); Morrison v. Apfel*, 146 F.3d 625, 628 (8th Cir. 1998). The record here does not suggest that Parker is disabled.

## V.  Conclusion:

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ properly found that mental impairments were nonsevere and the RFC fully incorporated Parker's credible limitations. The finding that Parker was not disabled within the meaning of the Social Security Act, therefore, should be affirmed. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 9th day of August, 2022.

_____
UNITED STATES MAGISTRATE JUDGE